# Young v. Miller & Miller Lumber Company, Appellant.

*Contract—Sale—Affidavit of defense—Premature suit.*

1. In an action for goods sold and delivered an affidavit of defense is insufficient which avers that the suit was prematurely brought before the expiration of three months from the date of sale, that the goods were purchased upon an order containing the words "Terms usual," and that these words meant in the transaction, three months' credit.

2. In such a case the averment as to the meaning of words "Terms usual" should be specific as to the facts. If the meaning given by the affidavit had been acquired by a course of dealing between the parties, or if it was a meaning which had grown out of local usage, these facts ought to be set forth.

Argued Dec. 18, 1909. Appeal, No. 249, Oct. T., 1909, by defendant, from order of C. P. No. 5, Phila. Co., June T., 1909, No. 4,264, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Walter D. Young, trading as W. D. Young & Co., v. Miller & Miller Lumber Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit for goods sold and delivered.
The facts appear by the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Sidney E. Smith,* for appellant.

*Harry M. McCaughey,* with him *William S. Furst,* for appellee.

PER CURIAM, March 3, 1910:
This action of assumpsit was brought on August 7, 1909, to recover a certain sum alleged to be due, with interest thereon from August 28, 1909, on book account for lumber sold and delivered. It is shown by the copy of the book account at-

tached to the statement of claim that the lumber was delivered on May 27 and 28, 1909, and this is not denied in the affidavit of defense. One of the defenses set up is that the action was prematurely brought.

No certain inference that the debt was not due at the time of suit brought arises from the fact that interest was claimed from a subsequent date, and as the amount for which the court entered judgment did not include interest, the decision of the appeal turns on the following clause of the affidavit of defense: "Defendant avers that the suit herein instituted was prematurely brought, and denies that upon the date which such suit was instituted any sum was due the plaintiff, but avers that the sale of this lumber was made upon three months' time, which was the meaning of the words 'usual terms' contained in defendant's order upon which these goods were shipped, and avers that payment was only due three months after the order, to wit, August 28, 1909."

It will be noticed that there is no clear and distinct averment of an agreement for three months' credit, apart from that which is supposed to be implied from the admitted fact, that the lumber was shipped upon a written order containing the words "Terms—Usual" and the alleged fact that the words mean three months' credit. Obviously this is not the ordinary meaning of the words. If it was a meaning which they had acquired by a course of dealing between the parties to the action, or by local usage in the trade to which the transaction belonged, these facts ought to have been set forth. As the case stands, the averment amounts to no more than the defendant's assertion of its conclusion that the words had a meaning in this transaction different from their ordinary meaning without averring the special facts from which that conclusion arose. One of the well-settled rules is that an affidavit of defense should contain a clear, orderly, and specific statement of the facts relied on to prevent judgment; argumentative or merely general averments which raise mixed questions of law and fact are insufficient. Inferences or conclusions of law are for the court, and if it is desired that they should be drawn in favor of the defendant, the court should be put in

possession of the facts from which they are drawn. We are of opinion that the affidavit of defense in the particular under consideration does not come up to this well-established standard.

The judgment is affirmed.